**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**FISHER SCIENTIFIC COMPANY
L.L.C.,**

**Plaintiff,**

vs.

**GREGG STAGGS,**

**Defendant.**

CIVIL ACTION NO. 11-200

JUDGE LANCASTER

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS, the parties to this Stipulated Confidentiality Order ("Order"), Plaintiff Fisher Scientific Company, L.L.C. ("Fisher"), Defendant Greg Staggs ("Staggs") and nonparty VWR International L.L.C. ("VWR") (collectively "the Parties") have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Order; accordingly, this 30th day of March, 2011, IT IS HEREBY ORDERED that:

1. **Scope**. All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation**. Confidential documents shall be so designated by placing or affixing the word "Confidential" on the document in a manner which will not interfere with the legibility of the document. Any other conveyance of confidential information shall be accompanied by a statement that the information is confidential. Documents and information shall be designated Confidential prior to, or contemporaneously

1

with, the production or disclosure of the documents or conveyance of the information. Inadvertent or unintentional production of documents/information without prior designation as Confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents/information as confidential as otherwise allowed by this Order.

3. **Documents/Information Which May be Designated Confidential**. Any party or nonparty producing documents may designate documents/information as Confidential but only after review of the documents/information by an attorney who has, in good faith, determined that the documents/information contain information protected from disclosure by statute, sensitive personal information (of any party or nonparty), trade secrets (of any party or nonparty), or confidential research, development, or commercial information (of any party or nonparty). The certification shall be made concurrently with the disclosure of the documents/information, using the form attached hereto as Attachment A. Information or documents which are readily available in the public sector without undue effort may not be designated as Confidential.

4. **Depositions**. Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within ten (10) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material**.

a. **General Protections**. Documents / information designated Confidential under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any other person identified below (¶5b) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third-Party Disclosures**. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents/information designated Confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1) – (5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgement (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents/information which have been designated Confidential pursuant to this Order:

(1) counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit;

(2) Parties and employees of a party to this Order but only to the extent that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation of trial of the lawsuit (such individuals must not be in a business competitive with the business of any party or producing nonparty and disclosure of documents/information which have been designated Confidential pursuant to this Order, except to experts in computer forensics, shall be made only in accordance with the procedure set forth in paragraph 7 below); and

(5) third party witnesses and other persons only upon consent of the producing party or nonparty and on such conditions as are agreed to or ordered.

c. **Control of Documents/information.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents/information designated as Confidential pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents/information along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies**. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents/information designated as Confidential under this Order or any portion of such a document/information, shall be immediately affixed with the designation "Confidential" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials**. In the event a party seeks to file any materials that are subject to protection under this Order with this Court, that party shall take appropriate

action to insure that the documents/information receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party or nonparty who designated the document as confidential; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal, consistent with the United States District Court for the Western District of Pennsylvania Electronic Case Filing Policies and Procedures, Misc No. 05-45. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document/information to the Court shall first consult with counsel for the party or nonparty who designated the document/information as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any documents to be filed under seal. The Parties understand that documents may be filed under seal only with the permission of the Court after proper motion.

    7.    **Greater Protection of Specific Documents**.

    a. Notwithstanding the above, each producing party and nonparty shall retain the right to seek to limit the disclosure of certain Confidential information to the individuals identified in Paragraph 5(b)(1) above prior to trial of this action and, to the extent practicable, through trial ("Attorneys' Eyes Only Information"). In the event the producing party or nonparty seeks to so limit disclosure, that party or nonparty shall notify the other parties in writing and seek to gain their consent prior to disclosure. In the event consent is not obtained, the producing party or nonparty shall produce such information subject to the Attorneys' Eyes Only Information and Confidential restrictions

within five (5) business days. The information shall then be treated Attorneys' Eyes Only Information unless the producing party or nonparty does not apply to the Court for protection as such within ten (10) business days of production or the Court rules otherwise, in which event the information shall no longer be considered Attorneys' Eyes Only Information, but still shall retain its Confidential designation.

      b. Additionally, in the event Fisher seeks from Staggs and/or VWR any customer-specific information related to VWR's actual or potential customers, including but not limited to any list of customers for which Staggs has responsibility in his VWR employment, ("VWR Customer Information"), such information shall be made available to Fisher solely by providing it for inspection by Fisher's counsel of record at a location, date and time agreeable to the Parties. VWR Customer Information shall be made available on the condition (a) that Fisher's counsel shall not provide any VWR Customer Information, whether in original or other form (including by written or oral communication) to any other individual or entity, including any employee of Fisher, and (b) that Fisher's counsel shall not retain such information after inspection, whether in original or modified form (including in the form of any notes or records describing or recording any piece of the VWR Customer Information). In the event any VWR Customer Information needs to be provided to the Court, it shall be provided for in camera review or by filing under seal, consistent with the purpose and intent of this paragraph.

8.    **Challenges to Designation as Confidential**. Any Confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a Confidential designation remains with the party or nonparty asserting confidentiality.

b. A party who contends that documents/information designated Confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The Parties and any producing nonparty shall then have two (2) days from service of the written notice to determine if the dispute can be resolved without judicial intervention. If not, the party challenging the designation may move for a Court Order overturning the Confidential designation.

c. Notwithstanding any challenge to the designation of documents/information as Confidential, all material previously designated Confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party or nonparty who claims that the documents/information are confidential withdraws such designation in writing; or

(2) the Court rules that the documents/information should no longer be designated as Confidential.

d. Challenge to the confidentiality of documents/information may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation**.

   a. **Order Remains in Effect**. All provisions of this Order restricting the use of documents/information designated Confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed.

   b. **Return of Confidential Documents**. Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶5d) shall be returned to the producing party or nonparty unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties and any producing nonparty stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, the party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated Confidential so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties without involving the Court unnecessarily in the process. The designation of discovery materials as "Confidential" shall not be construed as a concession by the designating Party or any non-designating Party that such matter is relevant or

material to any issue in this action.  Also, the restrictions set forth in this Order shall not (a) prejudice in any way the right of any Party to object on any basis to the production of the information it considers not subject to discovery; (b) prejudice in any way the right of any Party to seek a determination from the Court as to whether particular information shall be produced; or (c) be construed to require any Party to produce information that it considers privileged or otherwise not subject to discovery.

11. **Order Subject to Modification**.  This Order shall be subject to modification on motion of any party, producing nonparty, or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the Parties and any producing nonparty have been given notice and an opportunity to be heard on the proposed modification.

12. This Order shall take effect upon the execution of all Parties.

**IT IS SO ORDERED.**


Dated:  March 30, 2011


                                            s/Gary L. Lancaster
                                            Hon. Gary L. Lancaster, Chief U.S. District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FISHER SCIENTIFIC COMPANY L.L.C.,**

**Plaintiff,**

vs.

**GREGG STAGGS,**

**Defendant.**

**CIVIL ACTION NO. 11-200**

**JUDGE LANCASTER**

### CERTIFICATION OF COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL

Documents produced herewith **[WHOSE BATES NUMBERS ARE LISTED BELOW (OR) WHICH ARE LISTED ON THE ATTACHED INDEX]** have been marked as Confidential subject to the Stipulated Confidentiality Order. By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of the Stipulated Confidentiality Order.

Date: _____  _____

Counsel for _____

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**FISHER SCIENTIFIC COMPANY L.L.C.,**

**Plaintiff,**

vs.

**GREGG STAGGS,**

**Defendant.**

**CIVIL ACTION NO. 11-200**

**JUDGE LANCASTER**

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledge that they have read the Stipulated Confidentiality Order in the above-captioned action, understand the terms thereof, and agree to be bound by such terms. The undersigned submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania in matters relating to disputes about the meaning or enforceability of the Stipulated Confidentiality Order and understand that the terms of said Order obligate them to use discovery materials designated Confidential solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm, or concern. The undersigned further acknowledge that violation of the Stipulated Confidentiality Order may result in penalties for contempt of Court.

**ATTACHMENT B**

**CONSENTED TO:**

| | |
|---|---|
| By: */s/ James V. Corbelli*<br><br>James V. Corbelli<br>Pa. I.D. No. 56671<br>jcorbelli@bccz.com<br>Rebecca J. Dick-Hurwitz<br>Pa. I.D. No. 62943<br>rdick-hurwitz@bccz.com<br>Babst, Calland, Clements and Zomnir, P.C.<br>Two Gateway Center, 8th Floor<br>Pittsburgh, PA 15222<br>(412) 394-5649<br>(412) 394-6576 facsimile<br><br>DATE: March 30, 2011 | By */s/ James R. Walker*<br><br>James R. Walker<br>Pa. I.D. # 42175<br>jwalker@mmlpc.com<br>Erin Lucas, Esq.<br>Pa. I.D. # 39852<br>elucas@mmlpc.com<br>Manion McDonough& Lucas, P.C.<br>Suite 1414, USX Tower<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 232 0200<br>(412) 232-0206 facsimile<br><br>DATE: March 30, 2011 |
| By */s/ David J. Woolf*<br><br>David J. Woolf<br>Pa. I.D. No. 76484<br>david.woolf@dbr.com<br>Drinker Biddle & Reath LLP<br>One Logan Square, Suite 2000<br>Philadelphia, PA 19103-6996<br>(215) 988.2614<br>(215) 988.2757 facsimile<br><br>DATE: March 30, 2011 | |